The Honorable Kymberly K. Evanson

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HAROLD MINER, individually and as a representative of a class of similarly situated persons, and on behalf of the T-MOBILE USA, INC.401(K) RETIREMENT SAVINGS PLAN & TRUST,<br><br>PLAINTIFF,<br><br>v.<br><br>T-MOBILE USA, INC., THE BOARD OF DIRECTORS OF T-MOBILE USA, INC. AND ITS MEMBERS, THE T-MOBILE RETIREMENT PLANS COMMITTEE AND ITS MEMBERS, DOES 1-20, and DOES 21-40,<br><br>DEFENDANTS. | NO. 2:26-CV-02724-KKE<br><br>MOTION TO CONSOLIDATE AND APPOINT INTERIM CLASS COUNSEL<br><br>NOTE ON MOTION CALENDAR: Friday, September 25, 2026<br><br>ORAL ARGUMENT REQUESTED |



PFAU COCHRAN VERTETIS AMALA
ATTORNEYS AT LAW
909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

## TABLE OF CONTENTS


I. PROCEDURAL HISTORY ........ 1

A. Plaintiff's Complaint and Progress in the Litigation ........ 1

B. The Related Action ........ 3

II. ARGUMENT ........ 4

A. The Related Actions Should Be Consolidated ........ 4

B. Sanford Heisler Should Be Appointed Interim Class Counsel ........ 6

1. Sanford Heisler Has Superior Expertise and Experience in ERISA Class Actions and the Resources to Represent the Class in This Complex Case ........ 7

2. Plaintiff's Counsel Invested Significant Resources Identifying and Investigating the Claim at Issue in This Action ........ 11

III. CONCLUSION ........ 12




PFAU COCHRAN VERTETIS AMALA
ATTORNEYS AT LAW
909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

On July 31, 2026, Sanford Heisler Sharp McKnight, LLP ("Sanford Heisler") and Pfau Cochran Vertetis Amala PLLC, on behalf of Plaintiff Harold Minor, filed this class action under the Employee Retirement Income Security Act of 1974 as amended, 29 U.S.C. § 1001 *et seq.* ("ERISA"), on behalf of thousands of participants in the T-Mobile USA, Inc. 401(k) Retirement Savings Plan Trust (the "Plan"). Weeks later, Sharman Law Firm LLC and the Geist Law Group LLC filed a substantially similar ERISA class action that even, in places, contained paragraphs of identical language as the first-filed Complaint. Counsel for the respective actions met and conferred, and while there was no objection to consolidation generally, the parties were unable to reach agreement concerning the allocation and definition of counsel's responsibilities.

Accordingly, Plaintiff moves this Court for entry of an Order: (1) consolidating the above-captioned action with *Haines v. T-Mobile USA, Inc. et al.*, Case 2:26-cv-02946 (W.D. Wash. Aug. 19, 2026) ("Related Action") pursuant to Federal Rule of Civil Procedure 42(a); and (2) appoint attorneys Charles Field, Leigh Anne St. Charles, Meghan Heesch, and Sanford Heisler (collectively, "Plaintiff's Counsel") as Interim Class Counsel, pursuant to Federal Rule of Civil Procedure 23(g)(3), for the ERISA class claims of breach of the fiduciary duties.

## I. PROCEDURAL HISTORY

### A. Plaintiff's Complaint and Progress in the Litigation

On July 31, 2026, Plaintiff Harold Miner filed this class action on behalf of the Plan and thousands of participants and beneficiaries, alleging that T-Mobile USA, Inc. ("T-Mobile"), Board of Directors of T-Mobile ("Board"), the Board's members, T-Mobile Retirement Plans Committee ("Committee"), and the Committee's members (collectively, "Defendants") as Plan fiduciaries, breached ERISA's fiduciary duties by maintaining the T. Rowe Price Growth Stock Trust ("Growth Stock Trust") in the Plan's investment lineup despite years of chronic and severe underperformance. *See* Dkt. 1 ("Compl."). Sanford Heisler, on behalf of Plaintiff, prepared a pleading setting forth a detailed analysis of:



PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW
909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

(1) the Growth Stock Trust's investment strategy and style, composition, aims, risks, and potential rewards (*id*. ¶¶ 48-86);

(2) the substantially similar investment strategies and styles, composition, aims, risks, and potential rewards of multiple comparator funds and the Growth Stock Trust's benchmark index (*id*. ¶¶ 87-132);

(3) the chronic underperformance of the Growth Stock Trust over the past decade on a cumulative and annualized basis, and corresponding loss relative to comparators ranging from $488 million to over $1 billion (*id*. ¶¶ 137-141, Table 1.a);

(4) the chronic underperformance of the Growth Stock Trust over the five-year period leading up to the start of the Class Period on a cumulative and annualized basis, and corresponding loss relative to comparators ranging from $13 million to $133.9 million (*id.* ¶¶ 148-152, Table 1.b);

(5) the underperformance of the Growth Stock Trust from January 1, 2021 through June 30, 2026 annually and on a cumulative compounded basis (*id.* ¶¶ 156-159, Table 1.c);

(6) the losses to the Plan and participants from retaining the Growth Stock Trust during the Class Period, relative to meaningful benchmarks, ranging from $222 million to over $500 million (*id.* ¶¶ 163-164, Table 1.d); and,

(7) additional indicia of imprudence beyond underperformance that should have alerted Defendant-fiduciaries to the the Growth Stock Trust's imprudence (*id*. ¶¶ 19-22).

Plaintiff's Counsel have applied for, and been granted, permission to appear and participate as counsel *pro hac vice*. Dkts. 2-6. Plaintiff's Counsel promptly served Defendants with the summons and Complaint One week after filing the Complaint. Dkts. 10-12. Sanford Heisler then conferred with Defendants and agreed on a stipulated extension of Defendants' deadline to respond to the Complaint, and for Plaintiff to respond to any motion to dismiss by Defendants, which this Court granted. Dkts. 14-15. Since then, Plaintiff's Counsel has been in correspondence with



PFAU COCHRAN VERTETIS AMALA
ATTORNEYS AT LAW
909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

counsel for Defendants to schedule the Parties' Rule 26(f) conference, pursuant to this Court's Order at Dkt. 16. *See* Field Decl. ¶ 16.

**B. The Related Action**

On August 19, 2026, the Sharman Law Firm LLC and the Geist Law Group LLC filed a substantially similar Related Action in this Court. *See* Related Action, Dkt. 1 ("*Haines* Comlaint"); *id*. Dkt. 1-1 (civil cover sheet noting this case as a "Related Case").[1] Substantial portions of the *Haines* Complaint mirror, and in places reproduce verbatim, the allegations in the Complaint Sanford Heisler prepared and filed weeks earlier. *Compare, e.g.*, *Haines* Compl. ¶¶ 63-65, *with* Dkt. 1 ¶¶ 73-75. The *Haines* Complaint replicates the same claim of fiduciary breach under ERISA arising out of the retention of the Growth Stock Trust, and supports the allegation with four of the same Comparator Funds Sanford Heisler identified and analyzed in the original Complaint. *Compare* Compl. ¶¶ 87-132, *with Haines* Compl. ¶ 91. The *Haines* Complaint's analysis of the Comparator Funds, too, mirror Sanford Heisler's analysis, though with less detail on the underlying holdings, composition, and risk profiles of the comparators. *Compare*, e.g., Compl. ¶¶ 97-106, *with Haines* Compl. ¶¶ 96-104.[2]

The *Haines* Complaint also pleads additional claims unrelated to the retention of the Growth Stock Trust: violations of ERISA's prohibited transaction rules and anti-inurement provision related to the Plan fiduciaries' use of forfeited Plan assets. *See Haines* Compl. ¶¶ 169-244.[3] As of the date of this Motion, no counsel in the *Haines* Action have applied for permission

---

[1] The *Haines* Complaint was filed through local counsel, Terrell Marshall Law Group PLLC.

[2] As only one example, the Complaint alleges, ". . . the Alger Fund's potential reward is that the fund will generate positive investment returns that outperform the Russell 1000 Growth. Like the Growth Stock Trust, the Alger Fund's principal risks are related to (1) market risk, (2) issuer risk, and (3) the risks of investing in growth-oriented stocks." (Compl. ¶¶ 102-103), which the *Haines* Complaint alleges, "The Alger Growth Fund's potential reward is that it will generate positive investment returns that outperform the Russell 1000 Growth Index. Like the TRP Growth Stock Fund, the principal risks of the Alger Growth Fund are related to (1) market risk, (2) issuer risk, and (3) the risks of investing in growth-oriented stocks." (*Haines* Compl. ¶¶ 100-101).

[3] Counsel in the *Haines* Action indicated it would be willing to dismiss the forfeiture claim as part of a consolidated amended complaint. *See* Field Decl. ¶ 17.



PFAU COCHRAN VERTETIS AMALA
ATTORNEYS AT LAW
909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

to appear and participate as counsel *pro hac vice* or served Defendants. *See Haines*, Case 2:26-cv-02946, Dkt. 1-4 (reflecting no motion for admission *pro hac vice* or proof of service of summons).

On August 31, 2026, Sanford Heisler and counsel for the *Haines* Related Action met and conferred regarding a proposed leadership structure, but were unable to reach an agreement on consolidation after counsel for the *Haines* Related Action proposed that Sanford Heisler take the lead counsel role but split any attorneys' fees 60%-40%. *See* Field Decl. ¶ 17. Accordingly, Plaintiff files this Motion seeking consolidation of the Related Action and appointment of Sanford Heisler as Interim Class Counsel.

## II. ARGUMENT

### A. The Related Actions Should Be Consolidated

Consolidation is appropriate under Federal Rule of Civil Procedure 42(a) where, as here, "actions before the court involve a common question of law or fact." *Ulbricht v. United States Fid. & Guar. Co.*, No. C20-0617JLR, 2020 WL 5632104, at *2 (W.D. Wash. Sept. 21, 2020) (quoting Fed. R. Civ. P. 42(a)). "This rule affords courts 'broad discretion' to consolidate cases pending in the same district, either upon a motion by a party or *sua sponte*." *Id.* at *2 (W.D. Wash. Sept. 21, 2020) (citing *In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1987)); *see also Invs. Rsch. Co. v. U.S. Dist. Ct. for Cent. Dist. of California*, 877 F.2d 777, 777 (9th Cir. 1989) ("The district court has broad discretion under [Fed. R. Civ. P. 42(a)] to consolidate cases pending in the same district"); *Veljanoski v. Juno Therapeutics, Inc.*, No. C16-1069RSM, 2016 WL 9525238, at *1 (W.D. Wash. Oct. 7, 2016), *modified on reconsideration sub nom. In re Juno Therapeutics, Inc.*, No. C16-1069 RSM, 2016 WL 9525239 (W.D. Wash. Oct. 19, 2016) (collecting cases, recognizing that "Federal Rule of Civil Procedure 42(a) provides this Court with broad discretion to consolidate cases that involve common questions of law and fact"); *In re Washington Mut., Inc. Sec., Derivative & ERISA Litig.*, No. 2:08-MD-1919 MJP, 2008 WL 11363262, at *1 (W.D. Wash. May 21, 2008) (courts "have the inherent power to consolidate actions and appoint lead counsel in order



PFAU COCHRAN VERTETIS AMALA
ATTORNEYS AT LAW
909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

to supervise and coordinate the prosecution of a derivative action") (citing *Vincent v. Hughes Air West, Inc.*, 557 F.2d 759, 774 (9th Cir. 1977)).

In exercising its broad discretion, "[t]he court considers several factors in analyzing consolidation, including judicial economy, whether consolidation would expedite resolution of the case, whether separate cases may yield inconsistent results, and the potential prejudice to a party opposing consolidation." *Ulbricht*, 2020 WL 5632104, at *2 (citing 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure: Civil* § 2383 (3d ed. 2020)).

Here, each factor weighs in favor of consolidation. The Related Action asserts an identical cause of action seeking the same relief from an identical group of Defendants premised on the same core factual allegations: Both cases allege that the Plan's fiduciaries breached ERISA's fiduciary duty of prudence based on the same core maintaining the Growth Stock Trust in the Plan's investment menu, seek certification of similar classes, and restoration to the Plan of the losses resulting from this breach of fiduciary duty among other equitable and injunctive relief. Adjudication of the Related Actions will require this Court to rule on the same legal questions based on the same factual evidence sought through discovery.

Consolidation serves the interest of judicial economy by eliminating the need for duplicate filings on the same or similar issues in each case, which in turn eliminates the risk of inconsistent results on similar motions and inconsistent outcomes at trial. Instead, the Court can address the core issues contained in both cases through a single, streamlined process. In short, consolidation here serves "not only to enhance efficiency of the trial court by avoiding unnecessary duplication of evidence and procedures, but also to avoid inconsistent adjudications." *Team Enters., LLC v. W. Inv. Real Estate Trust*, 2008 WL 4712759, at *1 (E.D. Cal. Oct. 23, 2008). And because the Related Action seeks relief on behalf of the same party—the Plan and its participants—there is no risk of potential prejudice. Accordingly, the Court should consolidate the *Haines* Related Action with this case pursuant to Rule 42(a).



PFAU COCHRAN VERTETIS AMALA
ATTORNEYS AT LAW
909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

**B. Sanford Heisler Should Be Appointed Interim Class Counsel**

Federal Rule of Civil Procedure 23(g)(3) provides that a court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Where there are "overlapping, duplicative, or competing suits," the "designation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." Federal Judicial Center, MANUAL FOR COMPLEX LITIGATION, § 21.11 (4th ed. 2004). As the Advisory Committee Notes explain, appointment of an interim class counsel facilitates the portion of litigation that precedes class certification:

> [I]t will usually be important for an attorney to take action to prepare for the certification decision. The amendment to Rule 23(c)(1) recognizes that some discovery is often necessary for that determination. It also may be important to make or respond to motions before certification. Settlement may be discussed before certification. Ordinarily, such work is handled by the lawyer who filed the action. In some cases, however, there may be rivalry or uncertainty that makes formal designation of interim counsel appropriate.

Fed. R. Civ. P. 23, 2003 Advisory Committee Notes.

Accordingly, district courts within the Ninth Circuit often appoint interim class counsel during the early stages of class action litigation. *See, e.g., McFadden v. Microsoft Corp.,* No. C20-0640MAT, 2020 WL 5642822, at *2 (W.D. Wash. Sept. 22, 2020) (appointing interim class counsel prior to ruling on a motion to compel arbitration because it "would serve to protect the interests of a potential class and provide for ongoing clarity, efficiency, and coordination of the proceedings"); *Linz v. Core Values Roadside Serv., LLC*, No. 2:20-CV-00107, 2020 WL 3051341, at *6 (E.D. Wash. June 8, 2020) (appointing interim counsel prior to defendants' filing of amended answer to complaint); *Keithly v. Intelius, Inc.*, No. C09-1485RSL, 2013 WL 12064876, at *1 (W.D. Wash. Nov. 21, 2013) (noting the appointment of interim class counsel prior to a ruling on



PFAU COCHRAN VERTETIS AMALA
ATTORNEYS AT LAW
909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

a motion for judgment on the pleadings).

Courts generally consider the same factors used to determine the adequacy of class counsel under Rule 23(g)(1)(A). *See McFadden*, 2020 WL 5642822, at *1. These factors include: (1) "the work that counsel has done in identifying or investigating potential claims in the action"; (2) "counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action"; (3) "counsel's knowledge of the applicable law"; and (4) "the resources that counsel will commit to representing the class." *Id.* (citing Fed. R. Civ. P. 23(g)(1)(A)); *see also Robbins v. Phillips 66 Co.*, No. 18-CV-00292, 2019 WL 13119275, at *3 (N.D. Cal. Aug. 8, 2019) (appointing interim class counsel where counsel has "ample experience handling class actions and complex litigation[,]" holds "particular familiarity" with the subject matter of the litigation, filed first, and "has been involved in th[e] litigation from the outset"). In addition to the factors listed under Rule 23(g)(1)(A), the court may also "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." *McFadden*, 2020 WL 5642822, at *1 (citing Fed. R. Civ. P. 23(g)(1)(B)).

Here, all factors weigh in favor of appointing Charles Field, Leigh Anne St. Charles, and Meghan Heesch, and Sanford Heisler Sharp McKnight, LLP as Interim Class Counsel.

**1. Sanford Heisler Has Superior Expertise and Experience in ERISA Class Actions and the Resources to Represent the Class in This Complex Case**

Sanford Heisler is a renowned employment, public interest, and class action law firm. From its formation in 2004, the Firm has been significantly involved in class action litigation on behalf of employees and has served as lead counsel in scores of class actions seeking relief for workers from the country's largest corporations. Field Decl. ¶¶ 12. Through these efforts, Sanford Heisler has recovered over $1 billion for its clients and the United States government. *Id.*

In the field of ERISA, Sanford Heisler has prosecuted numerous complex class actions involving breach of fiduciary duty allegations similar to those asserted here, including *Snyder v.*



PFAU COCHRAN VERTETIS AMALA
ATTORNEYS AT LAW
909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

*United HealthGroup, Inc.*, No. 21-cv-1049 (D. Minn.) (class certified; $69 million Court-approved class settlement); *In Re: GE ERISA Litigation*, No. 1:17-cv-12123 (D. Mass.) (class certified; $61 million Court-approved class settlement); *Brown-Davis, et al. v. Walgreen Co., et al.*, No. 19-cv-05392 (N.D. Ill.) (class certified; $13.75 million class settlement preliminary approved); *Karg v. Transamerica, et al*., No. 1:18-cv-00134 (N.D. Iowa) (class certified; $5.4 million Court-approved class settlement); *Price v. Eaton Vance*, No. 18-cv-12098 (D. Mass.) (class certified; $3.45 million Court-approved class settlement); *Matthew Daly v. West Monroe Partners, Inc., et al.*, No. 1:21-cv-6805 (N.D. Ill.) (class certified), Case Nos. 26-2190 & 26-2191 (7th Cir.) (pending); *Anderson v. Southwest Airlines Co.*, 3:25-cv-0214 (N.D. Tex.) (pending); *Pover v. Capital Group Companies, Inc.,* No. 2:23-cv-09657 (C.D. Cal.) (pending); *Byrne v. Teachers Insurance and Annuity Association of America,* No. 25-cv-4228 (S.D.N.Y.) (pending); *McGeathy v. The Reinalt-Thomas Corp.,* No. cv-25-1439 (D. Ariz.) (pending); *Rajappan v. Bloomberg L.P.*, No. 26-cv-785 (S.D.N.Y) (case pending); *Striplin v. Stifel Financial Corp.*, No. 4:26-cv-255 (E.D. Mo.) (case pending); *Rico v. RBC USA Holdco Corp.*, No. 0:26-cv-02008 (D. Minn.) (pending); *Solee v. Parsons Corp.*, No. 1:26-cv-01902 (E.D. Va.) (pending). *Id.* ¶¶ 6-7.

Sanford Heisler has a high standing in the legal profession. Among the Firm's many accolades, Sanford Heisler has been recognized as a "Labor & Employment-Employee-Side Firm of the Year" (East Coast) by *Benchmark Litigation* (2025 and 2026), a "Leading Firm in USA" by *Chambers and Partners* (2025, 2026), and in recognition of its ERISA practice, was named "Benefits Group of the Year" by *Law 360* (2025). *Id.* ¶ 13. Sanford Heisler attorneys have been recognized as "Elite Trial Lawyers" by the *National Law Journal*, as "Employment MVPs" and "Rising Stars" by *Law360*, as "Labor & Employment Stars" by *Benchmark Litigation*, as among *Lawdragon*'s "500 Leading Plaintiff Employment Lawyers." *Id.*

The Sanford Heisler attorneys leading this litigation are amply qualified to serve as Interim Class Counsel. Their professional backgrounds are described in the declarations filed with this



PFAU COCHRAN VERTETIS AMALA
ATTORNEYS AT LAW
909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

Motion, and a brief overview follows.

- **Charles Field**, a Vice Chairman of the Firm, is the founder and Co-Chair of Sanford Heisler's Financial Mismanagement and ERISA Litigation Practice Group. Mr. Field has devoted his legal career to handling fiduciary duty and investment management issues and complex investment products. Field Decl. ¶ 5. He previously served as General Counsel of an SEC-registered investment management firm, where he oversaw compliance with ERISA and securities laws; served on the company's investment, investment performance, and securities valuation committees; and constructed hundreds of funds that are the very type at issue in this case. *Id.* ¶ 10-11. Mr. Field has been recognized as among the Best Lawyers in America in 2024, as "Plaintiffs' Lawyers Trailblazer" by *The National Law Journal*, has been selected as a "Top-Rated Employee Benefits" attorney by California Super Lawyers since 2023, named one of 500 Leading Civil Rights and Plaintiff Employment Lawyers by *Lawdragon* since 2021, and was recently named a Leading San Diego Employment Lawyer for Employee Representation by *Doyles*. *Id.* ¶ 9. As one of the preeminent authorities in the field of fiduciary duties related to 401(k) investments, Mr. Field's insight and commentary is routinely sought by national legal and benefits publications such as *Bloomberg Law*, *Plan Sponsor*, *Law360*, *401(k) Specialists*, and *Plan Adviser*. *Id.* As founder and Co-Chair of Sanford Heisler's Financial Mismanagement and ERISA Litigation Practice Group, Mr. Field has spearheaded and been appointed by as lead or co-lead counsel in the Firm's numerous ERISA class actions that allege breaches of the duty of prudence arising out of the imprudent selection and retention of investment options for 401(k) plans. *Id.* ¶ 6.

- **Leigh Anne St. Charles** serves as Co-Chair of Sanford Heisler's Financial Mismanagement and ERISA Litigation Practice Group and Firmwide Head of Litigation. St. Charles Decl. ¶ 1. Ms. St. Charles has practiced for over ten years and devoted much of her legal career to protecting the rights of workers across the country in both individual and class claims. *Id.* ¶ 4. She has been named to *Best Lawyers'* "Ones to Watch" list since 2021, recognized in the



PFAU COCHRAN VERTETIS AMALA
ATTORNEYS AT LAW
909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

field of Employee Benefits (ERISA) Law, as well as Labor and Employment Law, named as a Rising Star of the Courtroom by *Business Insider*, a "Lawyer on the Rise" by *American Lawyer*, a Mid-South Rising Star by *Super Lawyers*, an "On the Rise in Tennessee" honoree by *Law.com*, and selected as one of *Lawdragon's* "500 Leading Civil Rights and Plaintiff Employment Lawyers." *Id*. ¶ 5. As Financial Mismanagement and ERISA Litigation Practice Co-Chair, Ms. St. Charles has led multiple ERISA class actions that allege breaches of the duty of prudence arising out of the imprudent selection and retention of investment options for 401(k) plans. *Id*. ¶ 4.

- **Meghan Heesch** is Co-Chair of Sanford Heisler's Trial Practice Group and brings a wealth of high-stakes trial experience gained over her 14-year career. Heesch Decl. ¶ 1, 3. Ms. Heesch served as an Assistant U.S. Attorney with the U.S. Attorney's Office in the Southern District of California for over seven years, leading complex international investigation teams in dozens of high-profile cases. *Id*. ¶ 6. Ms. Heesch also served as an Immigration Judge within the U.S. Department of Justice where she presided over hundreds of contested bench trials. *Id*. Ms. Heesch has received recognition for her trial and investigative skills. *Id.* ¶ 7. At Sanford Heisler, Ms. Heesch has litigated on behalf of multiple classes that, as here, allege breaches of the duty of prudence arising out of the imprudent selection and retention of investment options for 401(k) plans. *Id*. ¶ 5.

- Further, Sanford Heisler has secured experienced and highly-regarded local counsel, **Thomas B. Vertetis**, Managing Partner of Pfau Cochran Vertetis Amala PLLC. Mr. Vertetis has practiced in Washington for over two decades, was named Washington Trial Lawyer of the Year in 2019 by the *American Board of Trial Attorneys*, named a "Lawyer of the Year" in the Seattle Area by *Best Lawyers in America*, a Top 10 Attorney in Washington State by *Super Lawyers*, serves as a Trustee for the Foundation for Washington State Courts, and as Lawyer Representative for the Western District of Washington Ninth Circuit. Vertetis Decl. ¶ 6. Mr. Vertetis has an established record of successful litigation on behalf of plaintiffs in individual and



PFAU COCHRAN VERTETIS AMALA
ATTORNEYS AT LAW
909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

class action cases, having led more than 50 jury trials, obtained many multi-million-dollar verdicts, as well as hundreds of significant settlements. *Id.* ¶ 4.

**2. Plaintiff's Counsel Invested Significant Resources Identifying and Investigating the Claim at Issue in This Action**

Plaintiff's Counsel has already worked diligently on behalf of the class. Sanford Heisler engaged in an in-depth pre-suit investigation of the facts pertaining to the allegations and claims in the complaint, which notably included reviewing thousands of pages of regulatory documents on the Plan and reviewing troves of data to calculate the investment performance of the Plan's options and comparing that performance to recognized investment benchmarks and comparable investment funds. Field Decl. ¶ 15. Sanford Heisler's investigation began in March 2026 and has consumed approximately 200 hours of attorney and legal assistant time to support the claims in the Complaint. *Id.* In detail, this pre-suit investigation included:

a. Reviewing years of Department of Labor filings from the Plan to identify fiduciaries and quantify assets under the Plan's management;

b. Evaluating Department of Labor Form 5500 filings regarding the Growth Stock Trust to determine the Growth Stock Trust's total assets and identify entities invested in the Growth Stock Trust;

c. Analyzing investment reports prepared by Morningstar, Inc. to evaluate the portfolio holdings of the Growth Stock Trust and comparators;

d. Identifying appropriate benchmarks and comparator funds;

e. Calculating the historical performance of each of the Growth Stock Trust relative to the selected benchmarks and comparator funds using financial data and performance calculations derived from Morningstar;

f. Interviewing Plan participants to assess their claims and explore the impact of fund underperformance on Plan participants;



PFAU COCHRAN VERTETIS AMALA
ATTORNEYS AT LAW
909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

g. Ascertaining potential injury to the Plan; and

h. Conducting significant legal and factual research. *Id*.

After thoroughly evaluating the data, Plaintiff's Counsel developed the theory of the case and drafted a detailed Complaint that methodically discusses the breach of fiduciary duty at issue in the case. *Id.* ¶ 14.

The current action is already well underway: Sanford Heisler fully staffed and filed this case more than a month ago. Since then, Plaintiff's Counsel has litigated the case by promptly serving Defendants, conferring with Defendants' counsel, entering a stipulated briefing schedule, and working to schedule the parties' Rule 26(f) conference. *See id.* ¶ 16. By contrast, the recently filed Related Action has no evidence of service on Defendants.

There is no benefit to the class, or to the efficient prosecution of the claims, added by having additional counsel—let alone three additional law firms—join in the prosecution of this case simply by filing a duplicative action. Especially where, as here, the duplicate Related Action so closely mirrors, and draws so heavily from, the first-filed Complaint drafted by Sanford Heisler. Appointing Sanford Heisler as interim class counsel ensures that efficient prosecution of the originally filed Complaint can continue to progress, while deterring others from filing similar actions duplicating the work Sanford Heisler has already done. Moreover, Sanford Heisler is a national law firm with over 50 attorneys and over 25 legal assistants nationwide. *Id*. ¶ 12. In the event there is a need for additional legal support, Sanford Heisler has and is prepared to devote the significant resources necessary to prosecute a complex class litigation such as this, including staffing this case with additional skilled attorneys as needed. *Id*.[4]

## III. CONCLUSION

Sanford Heisler crafted a unique team with extensive class action and litigation experience and in-depth knowledge of breaches of fiduciary duty under ERISA. This team is amply qualified

---

[4] By comparison, counsel in the *Haines* action appears to be led by a solo practitioner and an attorney primarily engaged in consulting services in the retirement plan industry. *See* Field Decl. ¶ 18.



PFAU COCHRAN VERTETIS AMALA
ATTORNEYS AT LAW
909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

to lead this class action and has competently represented the putative class since the case's inception. Granting this motion now will ensure throughout this class action that the interests of class members are safeguarded and will promote effective case management. Accordingly, Plaintiff respectfully requests that this Court appoint attorneys Charles Field, Leigh Anne St. Charles, Meghan Heesch, and Sanford Heisler Sharp McKnight, LLP as Interim Class Counsel, with Thomas B. Vertetis and Pfau Cochran Vertetis Amala PLLC serving as Plaintiff's local counsel.

DATED this 4th day of September, 2026.

Respectfully submitted,

**PFAU COCHRAN VERTETIS AMALA PLLC**

By: *<u>/s/Thomas B. Vertetis</u>*
Thomas B. Vertetis, WSBA No. 29805
Christopher E. Love, WSBA No. 42832

**SANFORD HEISLER SHARP MCKNIGHT, LLP**

By: *<u>/s/Charles Field</u>*
Charles Field*, CA Bar No. 189817
Meghan Heesch*, CA Bar No. 355708
Leigh Anne St. Charles*, TN Bar No. 036945

**Admitted Pro Hac Vice*
*Attorneys for Plaintiff and the Proposed Class*

*I certify that this memorandum contains 4162 words in compliance with the Local Civil Rules.*



PFAU COCHRAN VERTETIS AMALA
ATTORNEYS AT LAW
909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654